# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Claudia Tinca,<br><br>    Debtor(s), | Case No. 10 B 56733<br>Judge Jack B. Schmetterer<br>Chapter 13 |
| Claudia Tinca,<br><br>    Plaintiff,<br><br>vs.<br><br>Harris Bank, N.A.,<br><br>    Defendant. | Adv. No.: 11-01291 |

## FINDINGS OF FACT

**A.    The Parties**

1. The Plaintiff is Claudia Tinca ("Plaintiff"),

2. The Defendant is Harris Bank, N.A. ("Defendant").

**B.    Factual Background**

1. On or about December 24, 2010, Plaintiff filed a relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns real estate commonly known as 3449 Louis Street, Franklin Park, IL 60131.

3. That Wells Fargo Home Mortgage holds a first mortgage lien on the real property commonly known as 3449 Louis Street, Franklin Park, IL 60131 with a secured claim of $266,089.55 pursuant to the Plaintiff's November 11, 2010 mortgage statement.

4. The Defendant holds a second mortgage lien on the real property commonly known as 3449 Louis Street, Franklin Park, IL 60131 in the amount of $35,598.00 pursuant to CIN Legal Data Services Consumer Liability Report.

5. That the Plaintiff obtained an appraisal of the property on April 6, 2011 indicating the value of 3449 Louis Street, Franklin Park, IL 60131 as $185,000.00.

6. The first mortgage lien of Wells Fargo Home Mortgage is a secured claim based on the mortgage recorded on May 8, 2008 as document number 0812942055 and 0812942056 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Harris Bank, N.A. is a secured claim based on the mortgage recorded on May 8, 2008 as document number 0812942057 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make a monthly payment to the Chapter 13 Trustee in the amount of $907.00 per month for 36 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. That on September 21, 2011, The Clerk of the Court issued an Alias Summons which required the Defendant to serve an Answer or other responsive pleading within thirty days of the date of issuance of the Summons by the Clerk.

11. That on September 21, 2011 a copy of the summons and complaint was served in accordance with the Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to the Defendant at Harris Bank, N.A., Attn: Mark Furlong, CEO, 111 W. Monroe, Chicago, IL 60603 and Harris Bank, N.A., Attn: Peter McNitt, Vice-Chair, 111 W. Monroe, Chicago, IL 60603.

12. The summons indicated that a motion or answer was required within thirty days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $185,000.00

15. The first secured claim of Wells Fargo Home Mortgage in the amount of $266,089.55 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSION OF LAW

A. **Jurisdiction**

1  This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Wells Fargo Home Mortgage in the amount of $266,089.55, and the second secured claim of Harris Bank, N.A. in the amount of $35,598.00.

5. That the value of Plaintiff's residence is $185,000.00.

6. As there is no value or equity to support the second priority lien of Harris Bank, N.A. the claim is not secured at all by a security interest in the Debtor's residence, as the term is used in § 1322 (b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used herein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill, January 29, 2010).

Dated: 11/3/11

Enter: _____
United States Bankruptcy Judge
NOV 03 2011

Submitted by:

Attorney for Debtor/Plaintiff
William Teitelbaum
253 Acorn Drive
Streamwood, IL 60107
630-202-8405